UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**UNITED STATES OF AMERICA,**

Plaintiff(s),

vs.

**STATE OF CALIFORNIA, ET AL.,**

Defendant(s).

Case No. **2:18−CV−02660−JAM−DB**

ORDER RE FILING REQUIREMENTS FOR CASES ASSIGNED TO JUDGE MENDEZ

### I. PAGE LIMITS

Unless prior permission has been granted, memoranda of law in support of and in opposition to motions under Federal Rule of Civil Procedure 56 and 65 and any post−judgment or post−trial motions are limited to twenty−five (25) pages, and reply memoranda are limited to ten (10) pages. Memoranda of law in support of and in opposition to all other motions are limited to fifteen (15) pages, and reply memoranda are limited to five (5) pages. The parties are also cautioned against filing multiple briefs to circumvent this rule. A violation of this Order will result in monetary sanctions being imposed against counsel in the amount of $50.00 per page and the Court will not consider any arguments made past the page limit.

### II. DOCUMENTARY EVIDENCE

Documentary evidence submitted in support of or in opposition to a motion must be separately bound or placed in a binder, and exhibits must be separated with labeled tabs that extend beyond the edge of the page. An Index of Exhibits must also be included.

### III.     MEET AND CONFER REQUIREMENTS

In any case where the parties are represented by counsel, counsel contemplating the filing of any motion, except (1) those in connection with discovery motions (which are governed by Local Rule 251(b)); (2) applications for temporary restraining orders or preliminary injunctions; or (3) motions made in prisoner actions (which are governed by Local Rule 230(l)), shall first contact opposing counsel to discuss thoroughly, *preferably in person*, the substance of the contemplated motion and any potential resolution.

If the proposed motion must be filed within a specified period of time under the Federal Rules of Civil Procedure (*e.g.,* a motion to dismiss pursuant to F.R.Civ.P. 12(b), or a new trial motion pursuant to F.R.Civ.P. 59(a)), then this conference shall take place at least five (5) days prior to the last day for filing the motion; otherwise, the conference shall take place at least ten (10) days prior to the filing of the motion.

If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion the following statement:

> **"This motion is made following the conference of counsel pursuant to the**
> **Court's standing order which took place on [date of conference]."**

The purpose of the meet and confer process is to:

(1) determine whether the respondent agrees that the motion has merit in whole or in part;

(2) discuss whether issues can be resolved without the necessity of briefing;

(3) narrow the issues for review by the Court; and

(4) explore the possibility of settlement before the parties incur the expense of briefing a motion.

Failure to comply with the meet and confer requirement will result in the dismissal, without prejudice, of the offending party's motion.

### IV.     STATEMENTS OF FACTS IN MOTIONS FOR SUMMARY JUDGMENT

Upon filing a motion for summary judgment, the parties shall carefully read Local Rule 260. The moving party shall reproduce and respond to the non–moving party's Statement of Disputed facts, but the moving party may not file a reply to the non–moving party's response to the Statement of Undisputed Facts.

### V.     CROSS MOTIONS FOR SUMMARY JUDGMENT

At least 28 days before the dispositive motions filing deadline, the parties must meet and confer to determine whether they intend to file cross motions for summary judgment. If the parties do intend to

file cross motions, the plaintiff must file the opening brief for summary judgment at least 14 days before the dispositive motions filing deadline. The plaintiff's concurrently–filed notice of motion shall indicate the parties' intention to file cross motions and shall notice a hearing date at least 42 days from the date of filing. Only four briefs shall be filed as follows:

(1) Plaintiff's opening brief (25 pages maximum), along with any other documents required or permitted under Local Rule 260, shall be filed at least 14 days before the dispositive motions filing deadline;

(2) Defendant's opposition and cross motion for summary judgment (35 pages maximum) shall be filed at least 28 days before the hearing;

(3) Plaintiff's reply and opposition (20 pages maximum) shall be filed at least 14 days before the hearing;

(4) Defendant's reply (10 pages maximum) shall be filed at least 7 days before the hearing.

These are the only four briefs that may be filed, even if the parties move for summary judgment on more than one complaint (e.g., motions on a complaint and a counterclaim). The parties must obtain permission from the Court to exceed the stated page limitations. If the parties do not comply with this procedure and schedule for filing cross motions for summary judgment, but nonetheless file cross motions, the Court will deny both motions without prejudice and may impose sanctions.

IT IS SO ORDERED.

DATED: October 1, 2018

/s/ John A. Mendez
United States District Judge